GUILLERMO FRANCO ET AL., Plaintiffs and Appellants, *v.* GUILLERMO OPPENHEIMER SALOMÓN, Defendant and Appellee.

No. 4589. Argued February 7, 1929.—Decided November 14, 1929.

*Arjona & Arjona*, for appellants. *Pérez Marchand & Suliveres*, for appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

This is an appeal taken by plaintiffs from a judgment dismissing their petition for a perpetual injunction on the ground of lack of facts entitling plaintiffs to equitable relief.

It was substantially alleged by appellants in their petition that they are the owners of a certain property which they described and for the benefit of which there exists since 1870 a servitude of aqueduct or of passage of water for irrigation

purposes, flowing along an open ditch through several estates, one of these being a strip of land forming a part of defendant's property, which was also described; that none of the higher estates, without excluding that of the defendant, is entitled to draw water from the ditch for irrigation purposes; that at various times prior to the filing of the petition and particularly on March 1, 1928, defendant has disturbed plaintiffs in the possession and enjoyment of such servitude by drawing and appropriating water therefrom to fill large tanks for the purpose of irrigating two sugar-cane plantations; that such acts committed by defendant cause plaintiffs irreparable damages which are very difficult to estimate in terms of money because any amount of cash would be insufficient and inadequate to compensate for the damages suffered by plaintiffs; that they have no adequate remedy at law to obtain reparation; that the injunction proceeding in this case would avoid a multiplicity of suits; that defendant has refused to cease in the said disturbance or disposses-sion after having agreed to respect the servitude and threatens to continue obstructing the same; and that the irreparable injury thereby caused to plaintiffs consists in that plaintiffs' property being devoted to the growing of sugar cane the cultivation of this product would be spoiled and the land could not be used for the purposes to which devoted for lack of irrigation, and its value would thereby be so considerably diminished that pecuniary compensation would not furnish an adequate relief.

On the above allegations they prayed the court that, in conformity with the Injunctions Act, judgment be rendered restraining the defendant from drawing and appropriating to his use water from said ditch, warning him of punishment for contempt in case he violated the injunction and commanding him to respect permanently the servitude of water which burdens his tenement, and to pay the costs of the suit.

A judgment against defendant in the terms requested by plaintiff would have to rest necessarily on the declaration of

the existence of a servitude of aqueduct in favor of plaintiffs and against the defendant. We do not think that this point should be settled in such a special and summary proceeding as that instituted herein, while there is available at law an ordinary remedy, namely, the confessory action of servitude, which may be maintained against anybody who denies and obstructs such servitude, with the corresponding claim for damages to compensate any injury that might be caused by the interference or obstruction of the rights under the easement. Equitable relief by injunction is available when no adequate remedy exists at law.

A dispute, in such a special and summary proceeding as the injunction is, as to the existence of a servitude alleged to be obstructed, would deprive the remedy of its peculiar characteristics and would convert it into an ordinary action. The mere allegation of irreparable injury is not sufficient to justify resort to an injunction proceeding, because as a general rule when the injured party has an efficient, complete and adequate remedy at law it can not be said that an irreparable injury exists, nor when by means of an action at law he may obtain compensation in money for the damages suffered, as was held by this court in *Martínez* v. *Porto Rico Railway, Light & Power Co.*, 18 P.R.R. 700.

For the foregoing reasons the judgment appealed from must be affirmed.

Mr. Justice Hutchison took no part in the decision of this case.